[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13336
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20127-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR A. ESTRADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Omar Estrada appeals his total 87-month sentence, imposed at the top of the

guideline range, after pleading guilty to one count of conspiracy to commit bank

fraud, in violation of 18 U.S.C. § 1349 (Count 1), and two counts of aggravated

identity theft, in violation of 18 U.S.C. § 1028A (Counts 14, 22).   On appeal, Estrada argues that: (1) the district court erred in determining the loss amount attributable to him; (2) the district court erred by finding that the scheme involved sophisticated means and that he was a manager or supervisor; (3) the district court erred by denying him an additional one-level reduction based on his acceptance of responsibility; and (4) the sentence was procedurally and substantively unreasonable.   After thorough review, we affirm.

We review for clear error the district court's determination of loss, its finding of fact that the defendant used sophisticated means, and its factual finding of the defendant's role in the offense.   United States v. Barrington, 648 F.3d 1178, 1197, 1199, 1200 (11th Cir. 2011).   We also typically review the denial of an acceptance-of-responsibility reduction for clear error.   United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009).   Review for clear error is deferential, and we will not disturb a district court's findings unless we are left with the definite and firm conviction that a mistake was committed.   United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010).   There is no clear error in cases in which the record supports the district court's findings.   United States v. Rodriguez, 751 F.3d 1244, 1255 (11th Cir.), cert. denied, 135 S. Ct. 310 (2014).   We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial

2

court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Estrada's claim that the district court clearly erred in determining the loss amount attributable to him. The Guidelines do not require a precise loss determination, and a court "need only make a reasonable estimate of the loss, given the available information." Barrington, 648 F.3d at 1197 (quotation omitted). Because a district court is in a unique position to evaluate the evidence relevant to a loss determination, its determination is entitled to appropriate deference. United States v. Bradley, 644 F.3d 1213, 1290 (11th Cir. 2011). The court's findings of fact may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence investigation report ("PSI"), or evidence presented at the sentencing hearing. United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003).

The Guidelines provide for a 12-level increase for a fraud offense involving between $200,000 and $400,000 in losses. U.S.S.G. § 2B1.1(b)(1)(G). Application notes clarify that the "loss is the greater of actual loss or intended loss." Id. § 2B1.1, comment. (n.3(A)). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense." Id., comment. (n.3(A)(ii)). However, a court "may not speculate about the existence of a fact that would result in a higher sentence." Barrington, 648 F.3d at 1197. Additionally,

3

the district court is required to use the Guidelines manual in effect on the date that the defendant is sentenced.  U.S.S.G. § 1B1.11(a).

Here, the district court did not clearly err in finding that the intended loss was greater than $200,000.  Estrada admitted during his change of plea hearing that the intended loss was approximately $207,120, and he did not object to this fact in the PSI.  As for his claim that the district court improperly ignored proposed amendments to the Guidelines in calculating his sentence range, a district court is required to use the Guidelines manual in effect on the date of sentencing.  Thus, the district court properly applied the November 2014 edition of the Sentencing Guidelines, the version in effect when it sentenced Estrada in July 2015.

Nor are we convinced by Estrada's argument that the district court clearly erred by concluding that the scheme involved sophisticated means.  The Guidelines provide for a two-level enhancement if the offense "involved sophisticated means." U.S.S.G. § 2B1.1(b)(10)(C).  "Sophisticated means" is defined in the commentary to § 2B1.1 as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."  Id. § 2B1.1, comment. (n.9(B)).  A sophisticated-means enhancement may be appropriate upon a showing that the defendant engaged in "repetitive, coordinated conduct designed to allow him to execute fraud and evade detection."  United States v. Bane, 720 F.3d 818, 826-27 (11th Cir. 2013).  Conduct such as hiding assets or transactions through the

4

use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means. Ghertler, 605 F.3d at 1267. There is no requirement that each of a defendant's individual actions be sophisticated. Id. Rather, it is sufficient that the totality of the scheme was sophisticated. Id.

In this case, the district court did not clearly err by concluding that the scheme involved sophisticated means. One victim testified at sentencing that the checks written against his account were from four different banks, in four different places in Florida, all presented at the same time. The accounts were accessed online and the victim's account information was altered to facilitate the creation of fraudulent checks. Estrada demonstrated that he used his knowledge of internal banking procedures to impede detection of the scheme. The scheme took place throughout Florida, and was extended outside of Florida -- all the way to Arizona -- in order to make the scheme more difficult to detect. Estrada argues that his role in the scheme involved nothing more than passing the information he received from the bank teller co-conspirator to other members of the conspiracy. But there is no requirement that a defendant's individual actions be sophisticated, so long as the totality of the scheme was sophisticated. In short, the record supports the district court's conclusion that the scheme involved sophisticated means.

We also reject Estrada's claim that the district court clearly erred by finding that he was a manager or supervisor in the scheme. Under the Guidelines, the

district court must enhance a defendant's offense by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). In assessing a defendant's role in the offense, the court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

See id. § 3B1.1, comment. (n.4). There is no requirement that all of these factors must be present; they "are merely considerations for the sentencing judge." United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation omitted).

We have held that recruitment shows the necessary degree of control, influence, or leadership to qualify a defendant for a § 3B1.1 role enhancement. United States v. Thomas, 446 F.3d 1348, 1355 n.2 (11th Cir. 2006) ("[T]he role enhancement was supported by Detective Sanchez's testimony that Thomas recruited the others and co-defendant Castillo's testimony that Thomas recruited him."). The government bears the burden of establishing the facts to support a sentencing enhancement, and must meet that burden by a preponderance of the evidence. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).

The district court did not clearly err by concluding that Estrada qualified as a manager or supervisor in the conspiracy. As the record shows, Estrada recruited

6

the bank teller to the conspiracy, and instructed her on how to perpetrate the fraud. He made comments that specifically referenced "[his] people" who were involved in the scheme.  He also instructed the check cashers involved in the scheme. Estrada argues that because the check cashers were potentially only one individual using multiple aliases, the government failed to establish more than five participants.  However, in at least one instance, four checks were cashed in four different Florida cities on the same date.  Estrada himself also referenced multiple other participants.  Thus, the record supports the district court's conclusion.

Next, we reject Estrada's claim that the district court erred by denying him another reduction for his acceptance of responsibility.  Under the Guidelines, a defendant may qualify for an additional one-level decrease upon motion by the government stating that the "defendant has assisted authorities . . . by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their recourses efficiently."  U.S.S.G. § 3E1.1(b).  The district court may consider the timeliness of the defendant's conduct in manifesting the acceptance of responsibility when determining whether the defendant qualifies for the reduction.  See id. § 3E1.1, comment. (n.6).  The defendant bears the burden of demonstrating that he is entitled to a reduction for his acceptance of responsibility. United States v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996).

7

Here, the district court did not clearly err by denying Estrada a one-level reduction for acceptance of responsibility under § 3E1.1(b).  As the government explained at sentencing, it did not file a motion under § 3E1.1(b) because Estrada pled "after the deadline [the district court] had given and after the start of the trial calendar period."  Estrada does not argue that he pled any earlier.  Because the timing of the plea is a valid consideration in determining whether to award the extra point, the district court did not clearly err by basing its determination on it.

Finally, we find no merit to Estrada's claim that his sentence was unreasonable.  In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range."  Id. (quotation omitted).[1]  The district court is not required to explicitly state that it considered the § 3553(a) factors, as long as

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

8

the court's comments demonstrate that it considered the factors when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). A district court can abuse its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We've disapproved of rigid and mechanical sentencing procedures that bypass a defendant's individual circumstances and mete out a sentence based on the category of crime. United States v. Roper, 681 F.2d 1354, 1361 (11th Cir. 1982).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). Facts contained in a PSI are undisputed and deemed to have been admitted unless a party

objects to them before the sentencing court with specificity and clarity. United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009).

Estrada's sentence was not unreasonable. For starters, the district court did not err in calculating the Guidelines range or otherwise impose a procedurally unreasonable sentence. As we've explained above, the district court did not clearly err in calculating the loss, in applying the sophisticated means and aggravating role enhancements, or in denying him another point for his acceptance of responsibility.

Nor did the district court impose a substantively unreasonable sentence. In weighing the § 3553(a) factors, the district court noted Estrada's personal history, criminal history, the seriousness and pervasiveness of the crime, the need for rehabilitation, and Estrada's role in the offense. Though the district court noted its disapproval of financial crimes generally, its comment, taken within the context of the record as a whole, was not indicative of an over-arching sentencing policy. Indeed, the district court's comment was preceded and followed by an express discussion of Estrada's individual record relevant for sentencing. As for the district court's statements regarding Estrada's pending criminal charges, a district court may properly consider a defendant's history and characteristics, including any undisputed criminal history described in the PSI. Because Estrada did not object to the criminal history portion of his PSI, the PSI's descriptions of Estrada's pending charges were properly deemed admitted.

10

**AFFIRMED.**